Case 2:20-cr-00452-SVW   Document 23   Filed 10/06/20   Page 1 of 8   Page ID #:211

FILED
CLERK, U.S. DISTRICT COURT
10/06/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>BENJAMIN JONG REN HUNG,<br><br>          Defendant. | CR  2:20-cr-00452-SVW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(3): Receiving Firearm Across State Lines; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  Defendant BENJAMIN JONG REN HUNG resided in San Marino, within the Central District of California, and Lodi, within the Eastern District of California.  Defendant HUNG and defendant HUNG's associate ("Co-Conspirator #1") did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms, within the meaning of Chapter 44, Title 18, United States Code.

2. The ATF required all federally-licensed firearms dealers to document firearms sales and purchases on an ATF Form 4473, a form that was completed by the federal firearms licensee dealer and the firearm purchaser.  The documentation process included the following requirements:

3. At the time the purchaser submitted an application to purchase a firearm, the purchaser was required to certify on ATF Form 4473 that he or she was the "actual buyer" of the firearm.  ATF Form 4473 advised that: "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person."

4. These Introductory Allegations are incorporated into each count of this Indictment.

COUNT ONE

[18 U.S.C. § 371]

A. OBJECTS OF THE CONSPIRACY

1. Beginning on a date unknown but not later than December 26, 2017, and continuing until a date unknown but not earlier than on or about January 4, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant HUNG conspired with Co-Conspirator #1 and others known and unknown to the Grand Jury to commit offenses against the United States, namely: (1) to willfully transfer into and receive in the state of residence firearms purchased outside that state, in violation of Title 18, United States Code, Section 922(a)(3); and (2) to knowingly make false statements in the acquisition of firearms, in violation of Title 18, United States Code, Section 922(a)(6).

B. THE MANNER AND MEANS OF THE CONSPIRACY

2. The objects of the conspiracy were to be accomplished, in substance, as follows:

    a. Defendant HUNG would direct Co-Conspirator #1 to obtain firearms for defendant HUNG from firearms dealers in Oregon.

    b. Co-Conspirator #1 would obtain firearms from firearms dealers in Oregon and falsely claim that Co-Conspirator #1 was the actual buyer of the firearms, rather than defendant HUNG who was, in fact, the actual buyer.

    c. Co-Conspirator #1 would transport the firearms from Oregon to California to deliver or cause to be delivered the firearms to defendant HUNG.

3

C.  OVERT ACTS

3.  On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendant HUNG, Co-Conspirator #1, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  On or before December 26, 2017, defendant HUNG gave Co-Conspirator #1 cash to purchase firearms for defendant HUNG from a firearms store in Bend, Oregon.

Overt Act No. 2:  On December 26, 2017, Co-Conspirator #1 sent a text message from Bend, Oregon to defendant HUNG stating that he was going to "check out the pistols."

Overt Act No. 3:  On December 26, 2017, Co-Conspirator #1 bought a Glock 26, 9 mm semiautomatic handgun, bearing serial number BBMM205 (the "Glock 26") from Tillamook Sporting Goods in Bend, Oregon.

Overt Act No. 4:  On December 26, 2017, Co-Conspirator #1 executed and submitted to Tillamook Sporting Goods an ATF Form 4473 Firearms Transaction Record, which falsely stated that he was the actual buyer of the Glock 26 when, in fact, as Co-Conspirator #1 then knew, the Glock 26 was purchased for defendant HUNG.

Overt Act No. 5:  On December 26, 2017, defendant HUNG sent a text message from San Marino, California, to Co-Conspirator #1 in Bend, Oregon, to ask if Co-Conspirator #1 was still at the gun store.

Overt Act No. 6:  On or before January 3, 2018, Co-Conspirator #1 transported the Glock 26 from Oregon to Lodi, California.

<u>Overt Act No. 7</u>:  On January 3, 2018, defendant HUNG sent a text message from San Marino, California, to Co-Conspirator #1 in Lodi, California, asking, "where are my pistols at?"

<u>Overt Act No. 8</u>:  On January 3, 2018, in response to defendant HUNG's text message, Co-Conspirator #1 sent a text message from Lodi, California, to defendant HUNG in San Marino, California, stating, "I have your pistols and ammo with me" and would "leave it here in your closet."

<u>Overt Act No. 9</u>:  On January 3, 2018, Co-Conspirator #1 sent a text message from Lodi, California, to defendant HUNG in San Marino, California, stating that he would "leave your glocks in Lodi if that is what you want."

<u>Overt Act No. 10</u>:  On January 4, 2018, Co-Conspirator #1 sent a text message from Lodi, California, to defendant HUNG in San Marino, California, stating that a mutual associate was driving from Lodi to San Marino "with the glocks."

COUNT TWO

[18 U.S.C. § 922(a)(3)]

On or about January 4, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant HUNG, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully received in the State of California, where he then resided, a Glock 26 9 mm semiautomatic handgun, bearing serial number BBMM205, which firearm defendant HUNG and Co-Conspirator #1 obtained outside the State of California, namely, by: (1) defendant HUNG directing Co-Conspirator #1 to purchase the Glock 26 from Tillamook Sporting Goods in Bend, Oregon and deliver it to defendant HUNG in Lodi and/or San Marino, California; and (2) defendant HUNG ultimately receiving the Glock 26 in San Marino, California.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

    a.   All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to a Glock 26, 9 mm semiautomatic handgun, bearing serial number BBMM205; and

    b.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and Civil Rights Section

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

FRANCES S. LEWIS
Assistant United States Attorney
Public Corruption and Civil Rights Section

DAVID T. RYAN
Assistant United States Attorney
Terrorism and Export Crimes Section

8