TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Terrorism and Export Crimes Section
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491/4850
    Facsimile: (213) 894-2979
    E-mail:   david.ryan@usdoj.gov
            frances.lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-452(A)-SVW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BENJAMIN JONG REN HUNG |
| v. | |
| BENJAMIN JONG REN HUNG, | |
| Defendant. | |

1. This constitutes the plea agreement between BENJAMIN JONG REN HUNG ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. With the exception of the agreements by the United States Attorney's Office for the District of Oregon and the United States Attorney's Office for the Eastern District of California set forth in paragraph 5(e), this agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to an 11-count First Superseding Information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Conspiracy, in violation of 18 U.S.C. § 371, Transporting and Receiving Firearms Across State Lines, in violation of 18 U.S.C. § 922(a)(3), False Statements During Purchase of Firearms, in violation of 18 U.S.C. § 922(a)(6), and Possession of Unregistered Firearms, in violation of 26 U.S.C. § 5861(d).

b. Not contest the Factual Basis agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

1        3.   Defendant further agrees:

2            a.   To forfeit all right, title, and interest in and to

3    the following firearms, used to facilitate the commission of, or

4    involved in the illegal activity to which defendant is pleading

5    guilty: (1) a Glock 26, 9 mm semiautomatic handgun, bearing serial

6    number BBMM205; (2) a Walther P-99 9 mm semiautomatic handgun,

7    bearing serial number FAH5890; (3) a Glock 43, 9 mm semiautomatic

8    handgun, bearing serial number BCFU215; (4) a Glock 19X, 9 mm

9    semiautomatic handgun, bearing serial number BHTX298; (5) a Mossberg

10   Model 464 Rifle, bearing serial number LA068565; (6) a Bergara Model

11   B-14 Rifle, bearing serial number 61-06-214565-18; (7) a Winchester

12   XPR Rifle, bearing serial number 357ZR05273; (8) a Mossberg Model 500

13   Shotgun, bearing serial number V1122060; (9) a Browning Model BL22

14   rifle, bearing serial number 02470ZN242; (10) a Colt Model m4 carbine

15   semiautomatic rifle, bearing serial number LE322225; (11) a Colt

16   Model m4 carbine semiautomatic rifle, bearing serial number LE423543;

17   and (12) a Stag Arms model STAG-15 semiautomatic rifle, bearing

18   serial number 197481 (collectively, the "Forfeitable Assets").

19           b.   To the Court's entry of an order of forfeiture at or

20   before sentencing with respect to the Forfeitable Assets and to the

21   forfeiture of the assets.

22           c.   To take whatever steps are necessary to pass to the

23   United States clear title to the Forfeitable Assets, including,

24   without limitation, the execution of a consent decree of forfeiture

25   and the completing of any other legal documents required for the

26   transfer of title to the United States.

27           d.   Not to contest any administrative forfeiture

28   proceedings or civil judicial proceedings commenced against the

Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

4.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Assets is part of the sentence

that may be imposed in this case and waives any failure by the Court
to advise defendant of this, pursuant to Federal Rule of Criminal
Procedure 11(b)(1)(J), at the time the Court accepts defendant's
guilty pleas.

THE USAO'S OBLIGATIONS

5.   The USAO agrees to:

a.   Not contest the Factual Basis agreed to in this
agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement.

c.   At the time of sentencing, move to dismiss the
underlying indictment as against defendant.  Defendant agrees,
however, that at the time of sentencing the Court may consider any
dismissed charges in determining the applicable Sentencing Guidelines
range, the propriety and extent of any departure from that range, and
the sentence to be imposed.

d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offenses up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

e.   Except for criminal tax violations (including
conspiracy to commit such violations chargeable under 18 U.S.C.
§ 371), the USAO, the United States Attorney's Office for the
District of Oregon, and the United States Attorney's Office for the
Eastern District of California, will not further criminally prosecute
defendant for criminal violations of 18 U.S.C. §§ 231, 245, 249, 371,

875, 1952, 2101, or 922, and 26 U.S.C. § 5861 or any other charge arising out of the conduct described in the Factual Basis or defendant's alleged conduct in connection with demonstrations in Los Angeles County, California on May 30 and 31, 2020. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

f.   Not seek a sentence of imprisonment above 33 months or a fine of more than $10,000.

NATURE OF THE OFFENSES

6.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Conspiracy, in violation of Title 18, United States Code, Section 371, the following must be true: (1) between the dates charged in the First Superseding Information, there was an agreement between two or more persons to commit at least one crime as charged in the First Superseding Information; (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

7.   Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Receiving Firearms Across State Lines, in violation of Title 18, United States Code, Section

922(a)(3), the following must be true: (1) defendant was not licensed as a firearm importer; (2) defendant willfully received in the state in which defendant resided a firearm that the defendant purchased or otherwise obtained outside that state.

8.   Defendant understands that for defendant to be guilty of the crime charged in counts three through five, that is, Making False Statements in Acquisition of Firearms, in violation of Title 18, United States Code, Section 922(a)(6), the following must be true: (1) Tillamook Sporting Goods was a licensed firearms dealer; (2) in connection with acquiring a firearm from Tillamook Sporting Goods, defendant made a false statement; (3) defendant knew the statement was false; and (4) the false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing Tillamook Sporting Goods into believing that the firearm could be lawfully sold to defendant.

9.   Defendant understands that for defendant to be guilty of the crime charged in counts six through seven, that is, Making False Statements in Acquisition of Firearms, in violation of Title 18, United States Code, Section 922(a)(6), the following must be true: (1) Sportsman's Warehouse was a licensed firearms dealer; (2) in connection with acquiring a firearm from Sportsman's Warehouse, defendant made a false statement; (3) defendant knew the statement was false; and (4) the false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing Sportsman's Warehouse into believing that the firearm could be lawfully sold to defendant.

10.   Defendant understands that for defendant to be guilty of the crime charged in count eight, that is, Transporting Firearms

Across State Lines, in violation of Title 18, United States Code, Section 922(a)(3), the following must be true: (1) defendant was not licensed as a firearm importer; (2) defendant willfully transported into the state in which defendant resided a firearm that defendant purchased or otherwise obtained outside that state.

11.   Defendant understands that for defendant to be guilty of the crime charged in counts nine through eleven, that is, Possession of Unregistered Firearms, in violation of Title 26, United States Code, Section 5861(d), the following must be true: (1) defendant knowingly possessed a firearm, specifically, a short-barreled rifle; (2) defendant was aware that the firearm was a short-barreled rifle; and (3) defendant had not registered the firearm with the National Firearms Registration and Transfer Record.

<u>PENALTIES</u>

12.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

13.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 922(a)(3) is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

14.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United

8

States Code, Section 922(a)(6) is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

15. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 26, United States Code, Section 5861(d) is: 10 years' imprisonment; a three-year period of supervised release; a fine of $10,000; and a mandatory special assessment of $100.

16. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 105 years' imprisonment; a three-year period of supervised release; a fine of $2,030,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $1,100.

17. The Court will also order forfeiture of the property listed in counts one through eleven of the First Superseding Information pursuant to 18 U.S.C. §§ 924(d)(1), 2461(c).

18. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

19.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

20.  Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

21.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty

1    to the charges described in this agreement and to establish the

2    Sentencing Guidelines factors set forth in paragraph 23 below but is

3    not meant to be a complete recitation of all facts relevant to the

4    underlying criminal conduct or all facts known to either party that

5    relate to that conduct.

6         Between at least July 23, 2014, and August 20, 2018, defendant

7    conspired with Co-Conspirator #1 to willfully transfer into and

8    receive in defendant's state of residence firearms purchased outside

9    that state in violation of Title 18, United States Code, Section

10   922(a)(3), and to knowingly make false statements in the acquisition

11   of firearms in violation of Title 18, United States Code, Section

12   922(a)(6).  Specifically, defendant, who resided in California, would

13   give cash to Co-Conspirator #1, who resided in Oregon, to obtain

14   firearms for defendant from firearms dealers in Oregon in order to

15   evade California's firearms registration laws.  At defendant's

16   direction, Co-Conspirator #1 would buy the firearms and falsely state

17   on Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473

18   Firearms Transaction Records ("Form 4473") that Co-Conspirator #1 was

19   the actual buyer of the firearms, rather than defendant.  Co-

20   Conspirator #1 would then transport the firearms from Oregon to

21   California to deliver them to defendant.  Through this conspiracy,

22   defendant illegally obtained the following firearms:  (1) a Walther

23   P-99 9 mm semiautomatic handgun, bearing serial number FAH5890,

24   purchased on July 23, 2014; (2) a Glock 26, 9 mm semiautomatic

25   handgun, bearing serial number BBMM205 (the "Glock 26"), purchased on

26   December 26, 2017; (3) a Glock 43, 9 mm semiautomatic handgun,

27   bearing serial number BCFU215 (the "Glock 43"), purchased on December

28   26, 2017; and (4) a Glock 19X, 9 mm semiautomatic handgun, bearing

serial number BHTX298, purchased on August 20, 2018.  At all times relevant to the First Superseding Information, Tillamook Sporting Goods and Sportsman's Warehouse were licensed firearms dealers located in Oregon.

On January 4, 2018, defendant received in the state of California, where he then resided, the Glock 26 and the Glock 43, which defendant obtained outside the state of California by directing Co-Conspirator #1 to purchase them for him in Oregon and deliver them to him in San Marino, California.  Defendant kept the Glock 26, the Glock 43, and the Glock 19X at his residences in California, but never registered the firearms in California.

Between March 18 and 29, 2020, in connection with the acquisition of four rifles and one shotgun from licensed firearms dealers, defendant knowingly made false and fictitious written statements intended and likely to deceive such dealers with respect to a fact material to the lawfulness of the sale of such firearms, specifically, falsely stating on Form 4483s that he was a resident of the state of Washington, rather than the state of California. Defendant's false statements were material because the firearms dealers were not legally permitted to sell firearms to California residents.  Defendant made these false statements to evade California's firearm registration laws and obtain the following firearms: (1) a  Mossberg Model 464 rifle, bearing serial number LA068565 (the "Mossberg 464") on March 18, 2020; (2) a Bergara Model B-14 rifle, bearing serial number 61-06-214565-18 (the "Bergara B-14") on March 22, 2020; (3) a Winchester XPR rifle, bearing serial number 357ZR05273 (the "Winchester XPR") on March 22, 2020; (4) a Mossberg Model 500 shotgun, bearing serial number V1122060 (the

"Mossberg 500") on March 29, 2020; and (5) a Browning Model BL22 rifle, bearing serial number 02470ZN242 (the "Browning BL22") on March 29, 2020.

On March 30, 2020, defendant, not being a licensed importer, manufacturer, dealer, and collector of firearms, willfully transported the Mossberg 464, the Bergara B-14, the Winchester XPR, the Mossberg 500, and the Browning BL22 to his house in Lodi, California, where he then resided.  Defendant then kept these firearms at his residences in California, but never registered the firearms in California.

On the afternoon of May 31, 2020, a group of 50-100 individuals assembled to demonstrate at the intersection of Fair Oaks Avenue and Colorado Boulevard in Pasadena, California.  The individuals carried signs and chanted slogans protesting against inequitable treatment of minorities by police, including the death of George Floyd at the hands of a police officer in Minneapolis, Minnesota, and supporting the Black Lives Matter movement.  Shortly before 5:00 P.M., defendant drove his Dodge pick-up truck with raised suspension, modified steel front and back bumpers, custom train horn, three large flags, and vanity license plate "WAR R1G" to the location of the demonstration in order to counterprotest.  Defendant possessed several items inside the truck, including the Glock 26.  Defendant did not brandish or use the Glock 26, which remained inside a closed fanny pack beneath the middle seat throughout the incident.

As defendant neared the intersection of Fair Oaks and Colorado, he could see that the protestors were standing in the middle of the intersection blocking traffic from proceeding.  Defendant's truck was behind several other cars, which defendant could see had either

stopped or were turning around to drive away from the demonstration.
As defendant got closer to the intersection, instead of turning
around, defendant accelerated toward the intersection where the
demonstrators were located.  A protestor then threw an object at the
passenger-side window of defendant's approaching truck, and
defendant's passenger instructed him to "horn 'em," which defendant
understood to be a reference to using the train horn.  Defendant
sounded his train horn and stopped short of the intersection.  He
then continued driving forward into the intersection and then turned
left as the demonstrators moved out of the path of defendant's truck.
As defendant proceeded past the demonstrators through the
intersection, defendant caused the truck to emit a large amount of
vehicle exhaust, also known as "coal rolling."

On September 23, 2020, at his house in Lodi, California,
defendant knowingly possessed the following firearms, each of which
defendant knew to be a firearm and a short-barreled rifle, as defined
in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and
each of which had not been registered to defendant in the National
Firearms Registration and Transfer Record, as required by Chapter 53,
Title 26, United States Code: (1) a Colt model M4 carbine
semiautomatic rifle, with a barrel less than 16 inches in length,
namely, approximately 8.75 inches in length, bearing serial number
LE322225; (2) a Colt model M4 carbine semiautomatic rifle, with a
barrel less than 16 inches in length, namely, approximately 11.5
inches in length, bearing serial number LE423543; and (3) a Stag Arms
model STAG-15 semiautomatic rifle, with a barrel less than 16 inches
in length, namely, approximately 9.375 inches in length, bearing
serial number 197481.

14

## SENTENCING FACTORS

22.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

23.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2K2.1(a)(5) |
| Specific Offense Characteristics: | | |
| Number of Firearms | +2 | U.S.S.G. § 2K2.1(b)(1)(A) |
| Closely Related Counts | +1 | U.S.S.G. §§ 3D1.2(d), 3D1.4 |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a), (b) |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 5(d) are met.  Subject to paragraph 36 below, defendant and the USAO agree not to seek any other specific offense characteristics, adjustments, or departures under the

Sentencing Guidelines.  Defendant agrees, however, that the USAO is free to present any relevant facts and arguments to the Court in support of the USAO's recommended sentence, and that the government's agreement does not preclude the government from arguing to the Court that the aggravating factors in this case warrant such a sentence.

24.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

25.  Defendant reserves the right to argue for a sentence below the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. section 3553(a).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

26.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

    f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

27.   Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

<u>WAIVER OF APPEAL OF CONVICTION</u>

28.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

17

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

29.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 33 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is no greater than $25,000; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

30.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 27 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

31.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

32.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

33.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

34.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

35.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

36.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 23 are consistent with the facts of this case.  This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement.

37.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

1

<u>NO ADDITIONAL AGREEMENTS</u>

2     38.  Defendant understands that, except as set forth herein,

3  there are no promises, understandings, or agreements between the USAO

4  and defendant or defendant's attorney, and that no additional

5  promise, understanding, or agreement may be entered into unless in a

6  writing signed by all parties or on the record in court.

7

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

8     39.  The parties agree that this agreement will be considered

9  part of the record of defendant's guilty plea hearing as if the

10  entire agreement had been read into the record of the proceeding.

11  AGREED AND ACCEPTED

12  UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
13  CALIFORNIA

14  TRACY L. WILKISON
Acting United States Attorney

15

16  _____       4/27/2021
DAVID T. RYAN                     Date
17  FRANCES S. LEWIS
Assistant United States Attorneys

18  _____       04/26/2021

19  BENJAMIN JONG REN HUNG      Date
Defendant
20                           April 26, 2021
_____          _____
21  STEPHEN G. LARSON         Date
HILARY L. POTASHNER
22  JERRY A. BEHNKE
Attorneys for Defendant
23  BENJAMIN JONG REN HUNG

24

25

26

27

28

22

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        04/26/2021
BENJAMIN JONG REN HUNG                  Date
Defendant

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am BENJAMIN JONG REN HUNG's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

April 26, 2021

_____
STEPHEN G. LARSON
HILARY L. POTASHNER
JERRY A. BEHNKE
Attorneys for Defendant
BENJAMIN JONG REN HUNG

Date _____

24

# Exhibit A

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

UNITED STATES OF AMERICA,          CR No. 20-452(A)-SVW

11              Plaintiff,          F I R S T
                                    S U P E R S E D I N G
12              v.                  I N F O R M A T I O N

13  BENJAMIN JONG REN HUNG,         [18 U.S.C. § 371: Conspiracy; 18
                                    U.S.C. § 922(a)(3): Transporting
14              Defendant.          and Receiving Firearms Across
                                    State Lines; 18 U.S.C.
15                                  § 922(a)(6): False Statements
                                    During Purchase of Firearms; 26
16                                  U.S.C. § 5861(d): Possession of
                                    Unregistered Firearms; 18 U.S.C.
17                                  § 924(d)(1) and 28 U.S.C.
                                    § 2461(c): Criminal Forfeiture]
18

19

20        The Acting United States Attorney charges:

21                        INTRODUCTORY ALLEGATIONS

22        At times relevant to this First Superseding Information:

23        1.    Defendant BENJAMIN JONG REN HUNG resided in San Marino,

24  within the Central District of California, and Lodi, within the

25  Eastern District of California.  Defendant HUNG and defendant HUNG's

26  associate ("Co-Conspirator #1") did not have a federal firearms

27  license issued by the United States Bureau of Alcohol, Tobacco,

28  Firearms, and Explosives ("ATF"), and thus were not licensed to

import, manufacture, or deal in firearms, within the meaning of Chapter 44, Title 18, United States Code.

2.   The ATF required all federally-licensed firearms dealers to document firearms sales and purchases on an ATF Form 4473 Firearms Transaction Record ("Form 4473"), a form that was completed by the federal firearms licensee dealer and the firearm purchaser.  The documentation process included the following requirements:

3.   At the time the purchaser submitted an application to purchase a firearm, the purchaser was required to certify on ATF Form 4473 that he or she was the "actual buyer" of the firearm.  ATF Form 4473 advised that: "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person."

4.   These Introductory Allegations are incorporated into each count of this First Superseding Information.

1

COUNT ONE

2

[18 U.S.C. § 371]

3

A.   OBJECTS OF THE CONSPIRACY

4

　　　1.   Beginning on a date unknown but not later than July 23,

5

2014 and continuing until a date unknown but not earlier than on or

6

about August 20, 2018, in Los Angeles County, within the Central

7

District of California, and elsewhere, defendant BENJAMIN JONG REN

8

HUNG conspired with Co-Conspirator #1 and others known and unknown to

9

the Acting United States Attorney to commit offenses against the

10

United States, namely: (1) to willfully transfer into and receive in

11

the state of residence firearms purchased outside that state, in

12

violation of Title 18, United States Code, Section 922(a)(3); and (2)

13

to knowingly make false statements in the acquisition of firearms, in

14

violation of Title 18, United States Code, Section 922(a)(6).

15

B.   THE MANNER AND MEANS OF THE CONSPIRACY

16

　　　2.   The objects of the conspiracy were to be accomplished, in

17

substance, as follows:

18

　　　　　a.   Defendant HUNG would direct Co-Conspirator #1 to

19

obtain firearms for defendant HUNG from firearms dealers in Oregon.

20

　　　　　b.   Co-Conspirator #1 would obtain firearms from firearms

21

dealers in Oregon and falsely claim that Co-Conspirator #1 was the

22

actual buyer of the firearms, rather than defendant HUNG who was, in

23

fact, the actual buyer.

24

　　　　　c.   Co-Conspirator #1 and others known and unknown to the

25

Acting United States Attorney would transport the firearms from

26

Oregon to California to deliver or cause to be delivered the firearms

27

to defendant HUNG.

28

1  C.   OVERT ACTS

2       3.   On or about the following dates, in furtherance of the

3  conspiracy and to accomplish its objects, defendant HUNG, Co-

4  Conspirator #1, and others known and unknown to the Acting United

5  States Attorney, committed various overt acts within the Central

6  District of California, and elsewhere, including, but not limited to,

7  the following:

8       Overt Act No. 1:   On July 23, 2014, defendant HUNG gave Co-

9  Conspirator #1 cash to purchase a firearm for defendant HUNG from a

10 retail firearms store in Tillamook, Oregon ("Firearm Retailer #1").

11      Overt Act No. 2:   On July 23, 2014, Co-Conspirator #1 bought a

12 Walther P-99 9 mm semiautomatic handgun, bearing serial number

13 FAH5890 (the "P-99") from Firearm Retailer #1.

14      Overt Act No. 3:   On July 23, 2014, Co-Conspirator #1 executed

15 and submitted to Firearm Retailer #1 a Form 4473, which falsely

16 stated that he was the actual buyer of the P-99 when, in fact, as Co-

17 Conspirator #1 then knew, the P-99 was purchased for defendant HUNG.

18      Overt Act No. 4:   On July 23, 2014, defendant HUNG took

19 possession of the P-99 from Co-Conspirator #1.

20      Overt Act No. 5:   On or before December 26, 2017, defendant

21 HUNG gave Co-Conspirator #1 cash to purchase additional firearms for

22 defendant HUNG from Firearm Retailer #1.

23      Overt Act No. 6:   On December 26, 2017, Co-Conspirator #1

24 bought a Glock 26, 9 mm semiautomatic handgun, bearing serial number

25 BBMM205 (the "Glock 26") from Firearm Retailer #1.

26      Overt Act No. 7:   On December 26, 2017, Co-Conspirator #1

27 bought a Glock 43, 9 mm semiautomatic handgun, bearing serial number

28 BCFU215 (the "Glock 43") from Firearm Retailer #1.

1    Overt Act No. 8:    On December 26, 2017, Co-Conspirator #1
2    executed and submitted to Firearm Retailer #1 a Form 4473 Firearms
3    Transaction Record, which falsely stated that he was the actual buyer
4    of the Glock 26 when, in fact, as Co-Conspirator #1 then knew, the
5    Glock 26 was purchased for defendant HUNG.

6    Overt Act No. 9:    On December 26, 2017, Co-Conspirator #1
7    executed and submitted to Firearm Retailer #1 a Form 4473, which
8    falsely stated that he was the actual buyer of the Glock 43 when, in
9    fact, as Co-Conspirator #1 then knew, the Glock 43 was purchased for
10   defendant HUNG.

11   Overt Act No. 10:    On or before January 3, 2018, Co-Conspirator
12   #1 transported the Glock 26 from Oregon to defendant's residence in
13   Lodi, California.

14   Overt Act No. 11:    On August 20, 2018, defendant HUNG gave Co-
15   Conspirator #1 cash to purchase a firearm for defendant HUNG from a
16   retail firearms store in Bend, Oregon ("Firearm Retailer #2").

17   Overt Act No. 12:    On August 20, 2018, Co-Conspirator #1 bought
18   a Glock 19X, 9 mm semiautomatic handgun, bearing serial number
19   BHTX298 (the "Glock 19X") from Firearm Retailer #2.

20   Overt Act No. 13:    On August 20, 2018, Co-Conspirator #1
21   executed and submitted to Firearm Retailer #2 a Form 4473, which
22   falsely stated that he was the actual buyer of the Glock 19X when, in
23   fact, as Co-Conspirator #1 then knew, the Glock 19X was purchased for
24   defendant HUNG.

25

26

27

28

1

                              COUNT TWO

2                         [18 U.S.C. § 922(a)(3)]

3        On or about January 4, 2018, in Los Angeles County, within the

4   Central District of California, and elsewhere, defendant BENJAMIN

5   JONG REN HUNG, not being a licensed importer, manufacturer, dealer,

6   and collector of firearms, within the meaning of Chapter 44, Title

7   18, United States Code, willfully received in the State of

8   California, where he then resided, a Glock 26 9 mm semiautomatic

9   handgun, bearing serial number BBMM205 (the "Glock 26") and a Glock

10  43 9 mm semiautomatic handgun, bearing serial number BCFU215 (the

11  "Glock 43"), which firearms defendant HUNG and Co-Conspirator #1

12  obtained outside the State of California, namely, by: (1) defendant

13  HUNG directing Co-Conspirator #1 to purchase the Glock 26 and Glock

14  43 from a firearms store in Tillamook, Oregon and deliver them to

15  defendant HUNG in Lodi and/or San Marino, California; and

16  (2) defendant HUNG ultimately receiving the Glock 26 and Glock 43 in

17  San Marino, California.

18

19

20

21

22

23

24

25

26

27

28

1
                         COUNTS THREE THROUGH SEVEN

2
                         [18 U.S.C. § 922(a)(6)]

3
     On or about the following dates, in the District of Oregon,

4
defendant BENJAMIN JONG REN HUNG, in connection with the acquisition

5
of the following firearms from licensed dealers, knowingly made false

6
and fictitious written statements, intended and likely to deceive

7
such dealers with respect to a fact material to the lawfulness of the

8
sale of such firearms under Title 18, United States Code, Chapter 44,

9
in that defendant HUNG falsely stated on Form 4473 that defendant

10
HUNG was a resident of the State of Washington, when, in fact, as

11
defendant HUNG then knew, he resided in California:

| COUNT | DATE | FIREARM |
|-------|------|---------|
| THREE | 3/18/2020 | Mossberg Model 464 rifle, bearing serial number LA068565 |
| FOUR | 3/22/2020 | Bergara Model B-14 rifle, bearing serial number 61-06-214565-18 |
| FIVE | 3/22/2020 | Winchester XPR rifle, bearing serial number 357ZR05273 |
| SIX | 3/29/2020 | Mossberg Model 500 shotgun, bearing serial number V1122060 |
| SEVEN | 3/29/2020 | Browning Model BL22 rifle, bearing serial number 02470ZN242 |

1

COUNT EIGHT

2

[18 U.S.C. § 922(a)(3)]

3   On or about March 30, 2020, in San Joaquin County, within the

4   Eastern District of California, and elsewhere, defendant BENJAMIN

5   JONG REN HUNG, not being a licensed importer, manufacturer, dealer,

6   and collector of firearms, within the meaning of Chapter 44, Title

7   18, United States Code, willfully transported into the State of

8   California, where he then resided, a Mossberg Model 464 Rifle,

9   bearing serial number LA068565 (the "Mossberg 464"), a Bergara Model

10   B-14 rifle, bearing serial number 61-06-214565-18 ("Bergara B-14"), a

11   Winchester XPR rifle, bearing serial number 357ZR05273 ("Winchester

12   XPR"), a Mossberg Model 500 shotgun, bearing serial number V1122060

13   ("Mossberg 500"), and a Browning Model BL22 rifle, bearing serial

14   number 02470ZN242 ("Browning BL22"), which firearms defendant HUNG

15   obtained outside the State of California, namely, by:  (1) defendant

16   HUNG purchasing the Mossberg 464 on March 18, 2020 from a sporting

17   goods store in Tillamook, Oregon, and purchasing the Bergara B-14 and

18   Winchester XPR on March 22, 2020, from a sporting goods store in

19   Bend, Oregon; (2) defendant HUNG purchasing the Mossberg 500 and the

20   Browning BL22 on March 29, 2020, from a sporting goods store in Bend,

21   Oregon; and (3) defendant HUNG transporting the Mossberg 464, the

22   Bergara B-14, the Winchester XPR, the Mossberg 500, and the Browning

23   BL22 to his residence in Lodi, California on or about March 30, 2020.

24

25

26

27

28

8

COUNTS NINE THROUGH ELEVEN

[26 U.S.C. § 5861(d)]

On or about September 23, 2020, in San Joaquin County, within the Eastern District of California, defendant BENJAMIN JONG REN HUNG knowingly possessed the following firearms, each of which defendant HUNG knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and each of which had not been registered to defendant HUNG in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
|-------|---------|
| NINE | A Colt model M4 carbine semiautomatic rifle, with a barrel less than 16 inches in length, namely, approximately 8.75 inches in length, bearing serial number LE322225 |
| TEN | A Colt model M4 carbine semiautomatic rifle, with a barrel less than 16 inches in length, namely, approximately 11.5 inches in length, bearing serial number LE423543 |
| ELEVEN | A Stag Arms model STAG-15 semiautomatic rifle, with a barrel less than 16 inches in length, namely, approximately 9.375 inches in length, bearing serial number 197481 |

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Eleven of this First Superseding Information.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

a.   All right, title, and interest in any firearm or ammunition involved in or used in any such offense, specifically, the following firearms:

i.   a Glock 26, 9 mm semiautomatic handgun, bearing serial number BBMM205;

ii.   a Walther P-99 9 mm semiautomatic handgun, bearing serial number FAH5890;

iii. a Glock 43, 9 mm semiautomatic handgun, bearing serial number BCFU215;

iv.   a Glock 19X, 9 mm semiautomatic handgun, bearing serial number BHTX298;

v.   a Mossberg Model 464 Rifle, bearing serial number LA068565;

vi.   a Bergara Model B-14 Rifle, bearing serial number 61-06-214565-18;

vii. a Winchester XPR Rifle, bearing serial number 357ZR05273;

10

viii.    a Mossberg Model 500 Shotgun, bearing serial number V1122060;

ix. a Browning Model BL22 rifle, bearing serial number 02470ZN242;

x. a Colt Model m4 carbine semiautomatic rifle, bearing serial number LE322225;

xi. a Colt Model m4 carbine semiautomatic rifle, bearing serial number LE423543; and

xii. a Stag Arms model STAG-15 semiautomatic rifle, bearing serial number 197481.

b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

//

//

transferred, sold to, or deposited with a third party; (c) has been

placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and
Civil Rights Section

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, Terrorism and Export
Crimes Section

FRANCES S. LEWIS
Assistant United States Attorney
Public Corruption and Civil
Rights Section

DAVID T. RYAN
Assistant United States Attorney
Terrorism and Export Crimes
Section